NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4195
_____

UNITED STATES OF AMERICA

v.

ANSELMO JESUS RIVERA,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-10-cr-00632-001)
District Judge:  Hon. Gene E.K. Pratter
_____

Submitted Under Third Circuit LAR 34.1(a)
April 23, 2013

Before:  SLOVITER, JORDAN and NYGAARD, *Circuit Judges*.

(Filed: April 26, 2013)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Anselmo Jesus Rivera appeals the judgment of conviction entered against him by

the United States District Court for the Eastern District of Pennsylvania for possession of

cocaine base ("crack") with intent to distribute and for possession of a firearm by a felon.

For the reasons that follow, we will affirm.

## I.      Background

In September 2008, members of the Drug Enforcement Task Force of Lancaster County, Pennsylvania began investigating suspected drug trafficking at 613 N. Plum Street in Lancaster. Task force detectives surveilling that address saw a high level of foot traffic to and from a first floor apartment identified as "Apartment A," and they watched Rivera enter and leave the apartment on many occasions. Under the direction of one of the detectives, a confidential informant made two controlled purchases of cocaine from Rivera at Apartment A in September and October 2008.

On October 17, 2008, the task force detectives obtained a state search warrant for Apartment A. To get the warrant, a detective submitted an affidavit stating that both the confidential informant who had completed the controlled drug purchases and a second informant had said that a man identified as Rivera was selling cocaine from the apartment. The detectives executed the warrant that evening. Shortly after 8:00 p.m., they saw Rivera enter the apartment, and they then went to the apartment door and knocked. They heard someone inside approach the door but then, without opening it, run to the rear of the apartment. A detective pounded on the door and announced that they were police executing a search warrant. When there was no response, the detectives used a key they had obtained from the landlord to enter the apartment. As they approached the rear of the apartment, Rivera darted out of a bathroom. A detective told him to get down on the ground and, when Rivera did not comply, the detective took him into custody. The detectives then entered the bathroom and recovered two bags of what appeared to be crack (one of which had been thrown in the toilet), digital gram scales (one of which was

switched on), and plastic sandwich bags. They searched the rest of the apartment and recovered a plastic bag later found to contain 157 grams of crack, a loaded 9mm Taurus handgun and a loaded magazine, additional scales and drug packaging supplies, and a police scanner.

On September 28, 2010, a federal grand jury returned an indictment charging Rivera with one count of possession of 50 or more grams of crack with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 1); one count of possession of 50 or more grams of crack with intent to distribute within 1,000 feet of a school,[1] in violation of 21 U.S.C. § 860 (Count 2); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3); and one count of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count 4).

Before trial, Rivera filed motions seeking (1) to test, via a *Franks* hearing,[2] the veracity of the affidavit used to obtain the search warrant, (2) to suppress physical evidence and statements, and (3) to compel disclosure of the identities of confidential informants whose information was used to obtain the search warrant. The District Court denied his motions for a *Franks* hearing and for disclosure of the identities of the

---

[1] The property at 613 N. Plum Street is 320 feet from a secondary school operated by the Lancaster School District.

[2] The Fourth Amendment entitles a criminal defendant to an evidentiary hearing when he "makes a substantial preliminary showing that a false statement ... was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause ... ." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

confidential informants, and, after an evidentiary hearing on the motion to suppress, denied that motion as well.

Rivera's trial began on July 5, 2011, with consideration of Count 4 bifurcated from the trial on the other counts. Ultimately, he was convicted on all counts. The District Court sentenced him to 186 months' imprisonment, followed by 8 years' supervised release, a $1,500 fine, and a $300 special assessment. Judgment was entered on November 17, 2001, and Rivera filed a notice of appeal that same day.[3]

## II.    Discussion[4]

Rivera raises four arguments before us. First, he claims that the District Court erred when it denied his motion to suppress the evidence that the task force detectives

_____

[3] We appointed counsel to represent Rivera in this appeal, but that counsel filed a motion to withdraw on the ground that Rivera wished to proceed *pro se*. Rivera filed a waiver of counsel, and we granted counsel's motion to withdraw. Rivera subsequently filed a *pro se* brief.

[4] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's denial of a motion to suppress "for clear error as to the underlying factual findings," and we "exercise[] plenary review of [the court's] application of the law to those facts." *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002). We review a district court's denial of a request for a *Franks* hearing for abuse of discretion. *See United States v. Brown*, 3 F.3d 673, 680 n.7 (3d Cir. 1993) (noting that a district court's determination as to whether a criminal defendant has made a "*Franks* showing" is "reversible for abuse of discretion"). Likewise, "[w]e review the district court's decision not to order disclosure of an informant's identity for abuse of discretion." *Id.* at 679. Lastly, "[w]e apply a particularly deferential standard of review to challenges to the sufficiency of the evidence supporting conviction." *United States v. Powell*, 693 F.3d 398, 401 n.6 (3d Cir. 2012) (internal quotation marks omitted). "We view all evidence in the light most favorable to the government, and sustain conviction as long as any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

found when they executed the search warrant. Second, he says that the Court abused its discretion when it denied his request for a *Franks* hearing. Third, he argues that the Court abused its discretion when it denied his request for the disclosure of the identities of the confidential informants who provided information that was the basis of the search warrant. Fourth and finally, he asserts that the evidence was not sufficient to support his conviction. Each argument is wanting.[5]

A.     *Motion to Suppress*

Rivera first argues that the District Court should have suppressed evidence found during the execution of the search warrant. He contends that "[t]he search warrant affidavit in this case was based largely on the uncorroborated information of an untested, unreliable confidential informant." (Supplemental App. at 376.)

The Fourth Amendment requires that a search warrant be supported by probable cause, and "[e]vidence seized pursuant to a search warrant that is not so supported may be suppressed." *United States v. Vosburgh*, 602 F.3d 512, 525 (3d Cir. 2010). The applicable standards for issuing and reviewing a search warrant were set forth in *Illinois v. Gates*, 462 U.S. 213 (1983). "The task of the issuing magistrate is simply to make a

_____

[5] Rivera also argues for the first time in this appeal that one of the detectives testified falsely before the grand jury, and that the indictment was therefore defective. That claim was not raised in a pretrial motion, and is therefore waived. *See* Fed. R. Crim. P. 12(b)(3)(B) (requiring that a motion alleging a defect in the indictment be made by motion before trial). *Cf. United States v. Pitt*, 193 F.3d 751, 760 (3d Cir. 1999) (holding that a claim that the institution of prosecution was defective not raised in a pretrial motion is waived). In addition, Rivera suggests that he suffered from ineffective assistance of counsel. We ordinarily do not review ineffective assistance claims on direct appeal, but instead defer the issue until collateral review, if that is sought. *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). We therefore, at present, decline to consider Rivera's ineffective assistance claim.

practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238. "[T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis ... for conclud[ing] that probable cause existed." *Id.* at 238-39 (alterations in original) (internal quotation marks omitted). "To determine this, a court must consider the 'totality of the circumstances,' and need not conclude that it was 'more likely than not' that the evidence sought was at the place described." *United States v. Bond*, 581 F.3d 128, 139 (3d Cir. 2009) (citations omitted), *rev'd on other grounds by Bond v. United States*, 131 S. Ct. 2355 (2011). "[D]irect evidence linking the place to be searched to the crime is not required for the issuance of a search warrant." *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001) (alteration in original) (internal quotation marks omitted).

The search warrant in this case was amply supported by probable cause. As set forth in the affidavit, both confidential informants stated that they had purchased cocaine from Rivera at the apartment, and the two controlled buys from Rivera completed under the supervision of the task force provided additional corroboration. *See United States v. Stearn*, 597 F.3d 540, 556 (3d Cir. 2010) (finding probable cause when informant's tip was corroborated by his subsequent controlled buy). Also, the detectives had conducted extensive surveillance of Apartment A and had observed comings and goings consistent with a location where drugs were being sold. *See Gates*, 462 U.S. at 243 n.13 (noting that "seemingly innocent activity [might] bec[o]me suspicious in the light of the initial tip" (internal quotation marks omitted)). Lastly, the detectives had observed Rivera often

6

entering and exiting the premises, and they had previously verified that he had a history of trafficking in cocaine. Therefore, Rivera's contention that the search warrant was not properly supported by probable cause is without merit, and there was no error in the District Court's decision to deny the suppression motion.

B.     *Denial of Request for a* Franks *Hearing*

Rivera next argues that the District Court abused its discretion when it denied his request for a *Franks* hearing. In seeking that hearing, Rivera claimed that the detective who provided the search warrant affidavit "should have entertained serious doubts as to the truth" of the information provided by the confidential informants (Supplemental App. at 389), and that the detective would "not be able to produce the informants who are alleged to have provided the information," (*id.* at 390).

In *Franks v. Delaware*, the Supreme Court held that the Fourth Amendment requires an evidentiary hearing to be held at the defendant's request when a "defendant makes a substantial preliminary showing that a false statement ... was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause... ." 438 U.S. 154, 155-56 (1978). "It is well-established that a substantial showing of the *informant's* untruthfulness is not sufficient to warrant a *Franks* hearing." *United States v. Brown*, 3 F.3d 673, 677 (3d Cir. 1993). "[A] substantial preliminary showing of intentional or reckless falsity *on the part of the affiant* must be made in order for the defendant to have a right to an evidentiary hearing on the affiant's veracity." *Id.* To make the preliminary showing required for a *Franks* hearing, the defendant must show intentional or reckless falsity on the part of the affiant, *id.*, and

7

"cannot rest on mere conclusory allegations ... but rather must present an offer of proof contradicting the affidavit, including materials such as sworn affidavits or otherwise reliable statements of witnesses," *United States v. Yusuf*, 461 F.3d 374, 383 n.8 (3d Cir. 2006).

Rivera has failed to make such a showing. As with his motion to suppress, he simply questions the veracity of the information provided by the confidential informants, and he offers only conclusory allegations as to what the affiant should have believed based on that information. Even if the information provided by the informants was unreliable, Rivera has offered no evidence that the detective who provided the affidavit either knew that the information was not true or recklessly disregarded its falsity. *See Brown*, 3 F.3d at 677 (noting that "it [is] not enough to show simply that the *informant* may have lied"); *United States v. Perdomo*, 800 F.2d 916, 921 (9th Cir. 1986) (affirming denial of a *Franks* hearing where proof offered reflected only on veracity of informant and not on veracity of affiant). Rivera was therefore not entitled to a *Franks* hearing, and the District Court did not abuse its discretion in denying him one.

C.     *Denial of Request to Disclose Confidential Informants*

Rivera next argues that the District Court erred when it refused to order the disclosure of the identities of the two confidential informants. He basically repeats, as he argued in the District Court, that "information concerning the confidential informants' identities[,] ... sources of information[,] and motives behind their cooperation with law enforcement authorities [was] needed in order to mount a sufficient defense in this case." (Supplemental App. at 408.)

8

"What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "The scope of the privilege is limited by its underlying purpose," *id.* at 60, which is "the furtherance and protection of the public interest in effective law enforcement," *id.* at 59. The Government may be required to disclose an informant's identity when "(1) the [informant's] possible testimony was highly relevant; (2) it might have disclosed an entrapment; (3) it might have thrown doubt upon the defendant's identity; and (4) the informer was the sole participant other than the accused, in the transaction charged." *United States v. Jiles*, 658 F.2d 194, 198-99 (3d Cir. 1981) (citing *McCray v. Illinois*, 386 U.S. 300, 310-11 (1967); *Roviaro*, 353 U.S. at 63-65). But "[w]here an informant's role was in validating a search, disclosure of his identity is not required." *United States v. Bazzano*, 712 F.2d 826, 839 (3d Cir. 1983) (en banc) (citing *McCray*, 386 U.S. at 304).

In this case, the Government was not required to disclose the identities of the two confidential informants. Rivera has not shown that the informants' testimony was needed for any of the purposes that we recognized in *Jiles*. He simply asserts that it was needed for his defense and speculates that the informant who completed the controlled buys would admit that the seller had not been Rivera. "[M]ere speculation as to the usefulness of the informant's testimony to the defendant is insufficient to justify disclosure of his identity." *Id.* (alteration in original) (internal quotation marks omitted). Because the record suggests that the informants' roles were limited to validating the search, which is

9

not a sufficient purpose to compel disclosure of their identity, *id.*, the District Court did not abuse its discretion when it declined to compel the disclosure.

D.     *Sufficiency of the Evidence*

Finally, Rivera contends that the evidence was not sufficient for a jury to convict him of possession of either the crack or the gun seized from the apartment. He argues that he was convicted based on his "mere presence" and that there was "no physical evidence on the gun[,] no fingerprints, nothing linking [him] to the drugs or guns." (Appellant's Br. at 4.)

"[A] claim of insufficiency of the evidence places a very heavy burden on an appellant." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (internal quotation marks omitted). In reviewing a sufficiency of evidence claim, "we examine the totality of the evidence, both direct and circumstantial, and interpret the evidence in the light most favorable to the government as the verdict winner." *United States v. Pavulak*, 700 F.3d 651, 668 (3d Cir. 2012) (internal quotation marks omitted). "If all the pieces of evidence, taken together, make a strong enough case to let a jury find [the defendant] guilty beyond a reasonable doubt, then we must uphold the jury's verdict." *Id.* (alteration in original) (internal quotation marks omitted).

The Government is not required to prove actual possession for purposes of §§ 922(g) and 924(c), but may instead prove "constructive possession." *See Brown*, 3 F.3d at 680 (government entitled to prove constructive possession rather than actual possession of drugs found in defendant's home). "Constructive possession exists if an individual knowingly has both the power and the intention at a given time to exercise

10

dominion or control over a thing, either directly or through another person or persons." *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992) (internal quotation marks omitted). "The kind of evidence that can establish dominion and control includes ... evidence that the defendant attempted to hide or to destroy the contraband ... ." *United States v. Jenkins*, 90 F.3d 814, 818 (3d Cir. 1996). For purposes of § 924(c), however, "the mere presence of a gun is not enough. What is instead required is evidence more specific to the particular defendant, showing that his or her possession actually furthered the drug trafficking offense." *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004) (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir. 2000) (internal quotation marks omitted)). In making that determination, factors that are relevant include "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, ... whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *Id.* (quoting *Ceballos-Torres*, 218 F.3d at 414-15) (internal quotation marks omitted).

Drawing all inferences in favor of the government, the evidence at trial was certainly sufficient to support the jury's verdict that Rivera was in possession of both the crack and the gun, and that possession of the gun was in furtherance of his drug trafficking activities. That evidence included the fact that, immediately after Rivera hastily exited the bathroom, the detectives found in it two bags of crack, one of which had been thrown in the toilet, and that they found a large bag of crack hidden in a clothing bin underneath a shirt that was identified as belonging to Rivera. The logical inference from those facts was that Rivera had attempted to hide or dispose of the drugs,

11

suggesting possession. In addition, the gun was a loaded semi-automatic weapon found in the apartment together with a large quantity of drugs and drug processing supplies. That, together with the large amount of cash found on Rivera's person, suggests that the gun was used to protect both the drugs and cash proceeds from sales. The fact that the gun itself was not on Rivera's person is not dispositive. *See Sparrow*, 371 F.3d at 853 (finding that a firearm concealed under floor tiles was accessible, and noting that "immediate accessibility at the time of search or arrest is not a legal requirement for a § 924(c) conviction"). Based on all of the evidence, we cannot say that no reasonable jury could have returned a judgment of conviction, and we will not disturb the jury's verdict.

## III. Conclusion

For the reasons stated, we will affirm the judgment of the District Court.